## ELLA MAE DAWSON, Appellant, v. THE STATE OF NEVADA, Respondent.

### No. 5429

April 8, 1968         439 P.2d 472

*Raymond E. Sutton,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, and *Addeliar D. Guy,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

Ella Mae Dawson was convicted and sentenced to life imprisonment without possibility of parole for the shooting

and killing of her former husband, Sam Dawson. One ground upon which she seeks to reverse her conviction is the refusal of the trial court to allow a psychiatrist appearing as an expert witness to testify whether or not Ella Mae had the requisite malice, intent, deliberation and premeditation to commit murder.

The question put to Dr. O'Gorman contained all of the facts in evidence before the jury. In short, it related to the turbulent marriage relationship and the divorce. They continued to live together afterwards. All the while Sam had promised to remarry her, but then she learned that he was about to marry another woman. When confronted by Ella Mae he not only admitted it, but added that if Ella Mae didn't stay away from him he would tell the world about her extremely embarrassing vaginal disorder. Thereupon, while he stood next to her car window threatening her, she shot him and as he lay on the ground fired several more shots into his body.

Her counsel contends that although insanity as a defense was not in issue the psychiatrist should have been permitted to testify whether or not Ella Mae had the capacity to form the intent to kill or premeditate, or if not, that she was guilty of a lesser degree, such as manslaughter.

1.  We held in Jackson v. State, 84 Nev. 203, 438 P.2d 795 (1968), that expert opinion relative to an ultimate fact in issue may properly be received. But no simple problem of handwriting identification or blood test analysis or the like are presented here. The ultimate fact needed for a determination of the degree of the crime was the state of mind of the accused at the time of the shooting. Such a subjective conclusion must be found by the jury. The doctor could give them no help that they didn't already have from the facts. An expert witness may state conclusions on matters within his expert knowledge provided the conclusion is one laymen would not be capable of drawing for themselves. Lightenburger v. Gordon, 81 Nev. 553, 407 P.2d 728 (1965); 7 Wigmore § 1918, 1923 (3rd ed. 1940). Sometimes laymen may state conclusial impressions from collective facts such as, "He seemed to be frightened," "He was greatly excited," "He was pleased," "He was angry," but the doctrine of collective facts does not necessarily permit an evaluation of another's state of mind (absent the issue of insanity) regardless if the witness giving the opinion is an expert or layman. The conduct of a person and other circumstances are factors which may be detailed to the jury so as to equip them with the necessary inferences. Wigmore,

supra, § 1962, et seq.; Commonwealth v. Phelan, 234 A.2d 540, 548 (Pa. 1967). No so-called expert conclusions can serve the jury's function. See also 41 Denver Law Journal 226 (1964).

The question did not call for an expert's assistance in an area foreign to the jury's knowledge for it really amounted to no more than summation of the evidence and asking whether or not Ella Mae had malice aforethought or intent to kill. Nothing would have been added by the doctor's answer beyond what the jury could have decided for itself. 7 Wigmore, supra, § 1920, et seq.; McLeod v. Miller & Lux, 40 Nev. 447, 472–73, 167 P. 27 (1917). The question was properly rejected.

2. The appellant contends that the evidence does not support a verdict of murder in the first degree and that therefore the trial court should have modified the judgment to a lesser offense or granted a new trial. Proper instructions were given by the court to the jury in accordance with the evidence and theories of defense. Barger v. State, 81 Nev. 549, 407 P.2d 584 (1965). Every essential element for first degree murder is in the record, although there is also evidence which if believed by the jury could have resulted in a verdict for a lesser offense. Nevertheless, it is apparent that the jury's verdict is supported by the evidence which requires us to affirm the conviction and the trial court's denial of the motion for new trial and modification of judgment.

Affirmed.

THOMPSON, C. J., COLLINS, BATJER, and MOWBRAY, JJ., concur.