SHERIFF, WASHOE COUNTY, NEVADA, Appellant, v.
FRANCIS MICHAEL POVEY, Respondent.

No. 6445

December 8, 1971                    491 P.2d 54

*Robert List,* Attorney General, *Robert E. Rose,* District
Attorney, and *Larry R. Hicks,* Deputy District Attorney,
Washoe County, for Appellant.

*H. Dale Murphy,* Public Defender, and *Jerome M. Polaha,*
Deputy Public Defender, Washoe County, for Respondent.

## OPINION

By the Court, Batjer, J.:

On September 15, 1969, the State of Nevada charged the
respondent with grand larceny and embezzlement. On about

November 5, 1969, he was arrested in Douglas, Arizona, on other charges. At that time he advised the Arizona authorities that he was probably wanted in Nevada. They verified this information with the Nevada authorities and advised of his whereabouts. The respondent waived extradition to facilitate his return to Nevada for trial or other disposition of the charges pending here.

Before the authorities from Nevada arrived, the respondent was taken into custody by two United States marshals and transported to the county jail in Tucson, Arizona, where he remained for a period of several weeks. At that time no further effort was made by the Nevada authorities to return him to this state. Thereafter the respondent was returned to the federal penitentiary at Steilacoom, Washington to complete an additional 1,563 days for violating a mandatory release. In January of 1970 he sent a written document to the Second Judicial District Court of Washoe County, Nevada, demanding a speedy trial. On February 4, 1970, that court appointed the Washoe County Public Defender to represent him and notified the District Attorney of Washoe County of his demand. On June 3, 1970, the respondent was transferred to Reno, Nevada, he was arraigned on June 19, 1970, and a preliminary examination was held on July 2, 1970, at which time he was bound over to district court for trial. He pled not guilty to the information and trial was set for September 8, 1970. Before trial, he petitioned for a writ of habeas corpus.

At the hearing upon his petition the district court determined that he had been denied his constitutional right to a speedy trial; made the writ of habeas corpus permanent; dismissed the charges against him with prejudice and remanded him to the custody of the federal authorities. The appellant contends that there was an insufficient showing: (1) that the respondent adequately demanded his right to a speedy trial, or; (2) that he had been prejudiced by the delay in bringing him before the courts of this state.

The district court considered the waiver of extradition executed by the respondent to be a written demand for a speedy trial and based its entire order upon that assumption.[1]

A waiver of extradition cannot be considered a demand for

---

[1]The order releasing the respondent from custody contains the following language: "Petitioner voluntarily waived extradition at about the time of his arrest in October or early November, 1969, and this record fairly reveals that for all practical purposes he requested a speedy trial at the time and the appropriate authorities were made aware of it."

a speedy trial as contemplated by Dickey v. Florida, 398 U.S. 30 (1970), Smith v. Hooey, 393 U.S. 374 (1969), and Stone v. State, 85 Nev. 60, 450 P.2d 136 (1969).

Extradition is the surrender by one state to another of an individual accused or convicted of an offense in the one which demands his surrender. Terlinden v. Ames, 184 U.S. 270 (1902); Waller v. Jordan, 118 P.2d 450 (Ariz. 1941). A waiver of extradition is a consent directed to the courts and officials of the sanctuary state authorizing them to surrender the accused to the officials of the demanding state. It is not a demand for a speedy trial directed to the authorities seeking the accused's return. Frequently they may never see the waiver.

Here the record reveals that the respondent was taken into custody by the federal authorities before the officers from the State of Nevada arrived. When he was taken into federal custody the effect of the waiver of extradition directed to the Arizona officials terminated and an entirely different procedure became necessary. It was not until February, 1970 that the respondent made an effective demand for a speedy trial upon the Nevada authorities. The district court did not consider whether the delay between February 4, 1970 and September 8, 1970 deprived the respondent of his constitutional right to a speedy trial. We have reviewed the record and fail to find such an inordinate delay in bringing the respondent to trial as would require his release and the dismissal of the charge against him.

The trial court also erred when it dismissed the charges against the respondent with prejudice. See McGee v. Sheriff, 86 Nev. 421, 470 P.2d 132 (1970).

We therefore reverse and remand this case to the district court for further proceedings.

ZENOFF, C. J., MOWBRAY and THOMPSON, JJ., concur.

GUNDERSON, J., concurring:

I believe the lower court could properly find that respondent's waiver of extradition, *taken with the fact that he caused the Nevada authorities to be notified of his whereabouts and desire for a trial,* constituted a request for a trial. However, because it appears that delays in prosecuting respondent were not inordinate, in view of the difficulties that beset the State in

its attempts to return him to Nevada for trial, I can concur in the result reached in the opinion by Mr. Justice Batjer.