RICHARD EUGENE FOUNTS, Appellant, v. WARDEN, NEVADA STATE PRISON, Respondent.

No. 7009

June 20, 1973                                  511 P.2d 111

Gary A. Sheerin, State Public Defender, and A. D. Demetras, Deputy Public Defender, Carson City, for Appellant.

Robert List, Attorney General, Robert E. Rose, District Attorney, and Kathleen M. Wall, Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, Zenoff, J.:

Appellant was convicted of kidnapping, attempted robbery and three counts of robbery. His conviction was affirmed on a prior appeal. Founts v. State, 87 Nev. 165, 483 P.2d 654 (1971).

Subsequently, he filed a petition for post-conviction relief pursuant to NRS 177.315 charging, inter alia, lack of effective assistance of counsel on appeal. From the judgment denying post-conviction relief appellant now appeals claiming, first, ineffectiveness of counsel on direct appeal, and second, ineffectiveness of counsel at the evidentiary hearing for post-conviction relief.

Inadequacy of counsel has been considered by this court

and the following standard has been announced in Bean v. State, 86 Nev. 80, 92, 465 P.2d 133, 141, cert. denied, 400 U.S. 844 (1970):

> "Trial lawyers will always disagree on how a case should have been tried. Second guessing is as characteristic of lawsuits as Monday morning quarterbacking is of football games. But before a denial of due process arises on the ground of inadequate counsel the trial must be a *sham,* a *farce* or a *pretense.*" (Emphasis added, citations omitted.)

This court had also had occasion to state the following rule with regard to a defendant's right to effective legal representation:

> "It is presumed that an attorney has fully discharged his duties. This presumption can only be overcome by strong and convincing proof to the contrary." Smithart v. State, 86 Nev. 925, 931, 478 P.2d 576, 580 (1970).

In this case the presumption was not overcome by strong and convincing proof, nor by any proof at all. A reading of the transcript of the evidentiary hearing shows that the proceeding was not "a sham, a farce or a pretense." Instead, it shows that all issues and errors which had been properly preserved for appellate consideration were presented and adequately argued on appeal and that with regard to the evidentiary hearing his counsel directed the court's attention to each of appellant's claims and testimony was taken as to each.

Counsel throughout petitioner's trial and other proceedings did all that could be expected of them.

The judgment of the lower court is affirmed.

THOMPSON, C. J., and MOWBRAY, GUNDERSON, and BATJER, JJ., concur.