DANIEL PAUL SULLIVAN, APPELLANT, *v.* WARDEN, NEVADA STATE PRISON, RESPONDENT.

No. 7926

September 17, 1975                     540 P.2d 112

*Horace R. Goff,* State Public Defender, and *Michael R. Griffin,* Deputy State Public Defender, Carson City, for Appellant.

*Robert List,* Attorney General, Carson City; *Roy A. Woofter,* District Attorney, and *Sherman H. Simmons,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

The appellant, Daniel Paul Sullivan, entered a plea of guilty to the crime of burglary. He was sentenced to serve 5 years in the State Prison. The sentence was suspended, however, and he was placed on probation for 2 years. He violated the terms of his probation, and his sentence was reinstated. He filed a petition for a writ of habeas corpus (which the district judge treated as a petition for post-conviction relief), claiming that he was not adequately represented by counsel at the time he pled guilty

to the burglary charge nor at his probation revocation hearing. After an evidentiary hearing, the judge denied the petition. We affirm.

1. On April 16, 1971, Sullivan was arrested and charged with burglary and rape. A criminal complaint issued charging him with burglary and rape. A guilty plea resulted from negotiations between Sullivan's privately retained attorney, James J. Brown, and the district attorney's office. Upon imposition of the sentence for the burglary charge, the State agreed to dismiss the rape charge. At the time of the sentencing, the court fully inquired into the circumstances surrounding the guilty plea and determined that it had been freely and voluntarily made. On January 17, 1972, Sullivan was given a suspended sentence of 5 years and placed on probation for 2 years. The order admitting appellant to probation and fixing the terms thereof provided, in part, that Sullivan should ". . . not drink or partake of any alcoholic beverages to excess . . . [and should] comply with all municipal, county, state and federal law, ordinances and orders . . ." On October 18, 1972, the department of parole and probation recommended revocation of probation as a result of arrests on September 24, 1972, and October 18, 1972, for vagrancy and for disturbing public or private places. A revocation hearing was held on November 13, 1972, which resulted in Sullivan's transfer to the State of Washington for probation supervision. He was again arrested in Las Vegas on April 30, 1973, and charged with driving under the influence of intoxicating liquor (NRS 484.379). On May 9, 1973, Sullivan pled guilty to that charge, and on May 22, 1973, he was fined $75.

After a probation hearing on June 27, 1973, at which he was represented by a Clark County Deputy Public Defender, Sullivan requested and was granted a rehearing, which was held on July 11, 1973, and continued to July 25, 1973. He was represented at the rehearing by his own attorney, Stewart Bell. The court reinstated the prior order revoking probation. Sullivan then filed this present petition in proper person on July 17, 1974.

2. Sullivan's claim of inadequate counsel at the time he entered his guilty plea is based upon allegations of counsel's unawareness of the request for dismissal of the rape charge by the victim, counsel's failure to thoroughly investigate the case, counsel's failure to inform appellant of constitutional guarantees regarding entry of guilty pleas, and counsel's failure to inform appellant of the elements of the crime for which he was charged.

The standard by which counsel's performance is evaluated has been affirmed by such recent cases as Founts v. Warden, 89

Nev. 280, 511 P.2d 111 (1973), which at 281 of 89 Nev. and at 111 of 511 P.2d quotes from Bean v. State, 86 Nev. 80, 92, 465 P.2d 133, 141 (1970), stating:

"Trial lawyers will always disagree on how a case should have been tried. Second guessing is as characteristic of lawsuits as Monday morning quarterbacking is of football games. But before a denial of due process arises on the ground of inadequate counsel the trial must be a sham, a farce or a pretense."

The fact that Sullivan's counsel was not immediately aware of the rape victim's requested withdrawal does not imply inadequacy of counsel, especially in view of counsel's understanding that the State intended to prosecute regardless of the victim's request to withdraw the charges. The failure of an attorney to reveal to his client a detail which does not ultimately affect the presentation or disposition of his case does not characterize that attorney's service as a sham or a pretense.

Sullivan's allegation that his former counsel failed to thoroughly investigate the case is not supported by the record. Counsel met with Sullivan on several occasions, interviewed the rape victim, and actively pursued a witness who ultimately refused to testify for Sullivan. The performance of his counsel in this regard easily meets the standard established by the cases cited above.

Sullivan's allegation that he was not advised of his constitutional rights, nor of the elements of his offense, is contradicted by the record. At the time of the plea, Judge Babcock interrogated Sullivan at length, inquiring into his educational background and determining his ability to comprehend the nature of the charge. The court's questions revealed that Sullivan did grasp the elements of the crime, as well as the constitutional protection and guarantees to which he was entitled. The court's questioning also served to display the free and voluntary nature of Sullivan's decision to plead guilty to burglary.[1] There is

---

[1]Sullivan specifically admitted the details of the burglary charge under questioning by Judge Babcock:

"THE COURT: And are you pleading guilty because in truth and in fact you are guilty and for no other reason?

"MR. SULLIVAN: Yes.

"THE COURT: What happened on April 16, 1971? Did you enter the apartment of . . .?

nothing in the record to suggest that counsel's performance at the time of the plea was incompetent.

To establish inadequate representation, an appellant must assume the burden of proof articulated in Smithart v. State, 86 Nev. 925, 931, 478 P.2d 576, 580 (1970), which states: "It is presumed that an attorney has fully discharged his duties. This presumption can only be overcome by strong and convincing proof to the contrary." The record does not support Sullivan's contention that his counsel's performance was substandard. Sullivan's failure to provide any grounds for a contrary holding indicates that the court was correct in its determination that he was adequately represented at the time he entered his guilty plea.

3. The judgment of June 27, 1973, revoking Sullivan's probation, was vacated at a rehearing because of an admitted lack of preparation on the part of the Clark County Public Defender's office. However, during the rehearing Sullivan was represented by his own counsel, Stewart Bell, who effectively represented Sullivan's interests throughout the duration of the rehearing. At that time, the court had an opportunity to consider whatever defenses or mitigating circumstances might have applied to the case and to correct any deficiency arising from the June 27 hearing. There is no record of impropriety or lack of preparation on the part of Stewart Bell, and Sullivan does not allege any facts leading to such a conclusion. The standards for evaluating counsel and determining Sullivan's burden of proof are the same in this instance as those mentioned above. Sullivan has fallen short of the standard by a failure to support his argument with any facts leading to an inference of incompetence. When the court reinstated the revocation order of June 27, it did so after a consideration of Sullivan's interests as represented by competent counsel.

---

"MR. SULLIVAN: Yes, I did.
"THE COURT: Unlawfully?
"MR. SULLIVAN: Yes.
"THE COURT: With the intent to commit rape; is that correct?
"MR. SULLIVAN: Yes.
"THE COURT: And you admit that the allegations and/or statements set forth in the information, filed November 24, 1971, are true; is that correct?
"MR. SULLIVAN: Yes.
"THE COURT: The Court accepts defendant's plea of guilty."

The order of the district court denying Sullivan's petition for post-conviction relief is affirmed.