DONALD J. SCHNEPP, APPELLANT, v. THE
STATE OF NEVADA, RESPONDENT.

No. 8664

September 30, 1976                 554 P.2d 1122

[Rehearing denied November 22, 1976]

*William N. Dunseath,* Public Defender, and *Thomas R. Brennan, Keith J. Rohrbough,* and *Michael McDonald,* Deputy Public Defenders, Washoe County, for Appellant.

*Robert List,* Attorney General, Carson City; *Larry R. Hicks,* District Attorney, and *Kathleen M. Wall* and *William Cobb,* Deputy District Attorneys, Washoe County, for Respondent.

**OPINION**

By the Court, MOWBRAY, J.:

The principal issue presented on this appeal is whether an accused's constitutional rights under the Sixth and Fourteenth Amendments have been violated where that accused, after a jury has been selected, empaneled, and sworn to try his case, attempts to discharge his court-appointed counsel and proceed in proper person, and is denied permission to do so.

1. An Information was filed in the Second Judicial District Court in Washoe County on April 11, 1975, charging the defendant-appellant, Donald J. Schnepp, with violation of NRS 205.130, issuing a check without sufficient funds or credit, with intent to defraud. Schnepp was arraigned in district court on April 24, 1975. When Schnepp refused to plead, the judge entered a plea of not guilty for him. His trial date was set, without objection, for June 9, 1975. As a result of habeas

petitions filed by Schnepp, the trial was continued from time to time until November 17, 1975. On that date, the public defender, who had been previously appointed to represent Schnepp, moved for a continuance on the principal ground that Schnepp had suggested to counsel the names of two witnesses who might aid in Schnepp's defense.[1] The court denied the motion, whereupon Defendant Schnepp sought permission to address the court. He asked that his counsel be discharged and that he be permitted to proceed in proper person, predicating his request on the court's refusal to grant a continuance of the trial.[2] The court denied Schnepp's motion. He now seeks reversal on the principal ground that he was denied his constitutional right, under the Sixth and Fourteenth Amendments, to self-representation. Schnepp relies on Faretta v. California, 422 U.S. 806 (1975). In Faretta, the Supreme Court of the United States held that the Sixth Amendment, as made applicable to the States by the Fourteenth, guarantees that a defendant in a state criminal trial has an independent constitutional right of self-representation and that he may proceed to defend himself without counsel when he voluntarily and intelligently elects to do so. The High Court held that the California trial court erred in forcing Faretta against his will to accept a state-appointed

---

[1] The motion was made after the jury was selected, but with the court's prior permission given at the commencement of trial.

[2] "MR. BRENNAN [Deputy Washoe County Public Defender]: . . .
"Your Honor, I have one more matter, and that is I discussed this with Mr. Schnepp on the contingency that your Honor disallowed our motion for continuance, Mr. Schnepp, at this time, would like to address the Court on his own behalf and move that the Court allow him to proceed in proper person and try this case himself, your Honor. And if your Honor would entertain that motion at this time, we would appreciate it.
"THE COURT: All right. Go ahead.
"THE DEFENDANT: . . . The reason that I make this motion to proceed on my own is I am placing too much of a responsibility on Mr. Brennan. There were witnesses, I don't know if they will be here or not. Their investigator is trying to locate those witnesses. I gave him the information this morning in regards to those witnesses. Mr. Brennan had one day last week, from the 13th, he had one day in which he could possibly do any locating of witnesses. The other two days was a weekend, as the Court knows. So I feel that any defense without those witnesses would be a token defense. . . .
" . . .
" . . . So, therefore, I feel that I should proceed in pro per. And I would like to add that I do have nothing but respect for Mr. Brennan and his capabilities, but he can't go unless there is something. . . ."

public defender and in denying his request to conduct his own defense.[3] Faretta had requested that he be permitted to represent himself "[w]ell before the date of trial".[4] Not so in the instant case. The jury had been selected and sworn to try Schnepp. Jeopardy had attached. State v. Pritchard, 16 Nev. 101 (1881); Hanley v. State, 83 Nev. 461, 434 P.2d 440 (1967).

As the court said in United States ex rel. Maldonado v. Denno, 348 F.2d 12, 15 (2d Cir. 1965):

"The right of a defendant in a criminal case to act as his own lawyer is unqualified if invoked prior to the start of the trial. [Citations omitted.] Once the trial has begun with the defendant represented by counsel, however, his right thereafter to discharge his lawyer and to represent himself is sharply curtailed. There must be a showing that the prejudice to the legitimate interests of the defendant overbalances the potential disruption of proceedings already in progress, with considerable weight being given to the trial judge's assessment of this balance. [Citations omitted.]"[5]

---

[3]Nev. Const. art. 1, § 8. *Rights of accused in criminal prosecutions; jeopardy; due process of law; eminent domain.* . . . [T]he party accused shall be allowed to appear and defend in person, and with counsel, as in civil actions. No person shall be subject to be twice put in jeopardy for the same offense; . . ."

[4]At the time of his arraignment, on April 24, 1975, Schnepp sought self-representation, and it was granted. However, subsequently, with the filing of the habeas petitions, the county public defender's office represented him and continued to do so.

From the transcript of arraignment proceedings:

"THE COURT: All right. The defendant having elected to stand mute at this time, not having requested time for entry of plea, at this time, the Court enters a plea of not guilty to the charge, and the case will now be set for trial to commence at the hour of 10:00 o'clock a.m., on Monday, June 9, 1975.

"MR. DUNLAP [Deputy District Attorney]: Thank you, Your Honor.

"THE COURT: Now, Mr. Schnepp, I am sure you understand what you are doing at this time. The case is set for trial for June 9th, and you have mentioned, and it's in the record, that at this time you prefer to represent yourself, which is your privilege; when that trial date arrives, you will be expected to go to trial, either as your own attorney or with an attorney, if you can arrange that.

"THE DEFENDANT: I realize.

"THE COURT: Understood?

"THE DEFENDANT: Yes, sir."

[5]Maldonado was pre-Faretta. However, as pointed out by Mr. Justice Powell in his dissent, Faretta does not tell us how soon in the criminal proceedings a defendant must decide between proceeding by counsel or *pro se* or whether he may be allowed to switch after trial has commenced.

In the instant case, Schnepp predicated his request to discharge counsel on the absence of the witnesses whom counsel had been unable to locate.[6] There was no suggestion that he was dissatisfied with counsel's services. On the contrary, he said he had "nothing but respect for Mr. Brennan and his capabilities". Under the facts presented, we cannot say that it was error to deny Schnepp's request for self-representation.

2. We turn to consider the remaining assignments of error.

A. Schnepp contends that the Information charging him with violating NRS 205.130 is fatally defective for failure to identify with specificity the aggrieved party to whom the checks were issued and, further, for failure to describe clearly the situs of the crime. There is nothing in the record before us to show that Schnepp objected to the sufficiency of the Information prior to trial, as required by NRS 174.105.[7] Consequently, this assignment of error is rejected.

B. Schnepp argues that, since none of the checks presented in evidence exceeded $100, the offense alleged in the Information constituted a misdemeanor. This contention is meritless. NRS 205.130 elevates such offenses to a felony where the checks written in a 90-day period total $100 or more, such as in this case.[8] We sustained the constitutionality of the statute in Parkus v. State, 88 Nev. 553, 501 P.2d 1039 (1972).

---

[6]See f. 2, *supra*.

[7]NRS 174.105, subsections 1 and 2:
"1. Defenses and objections based on defects in the institution of the prosecution, other than insufficiency of the evidence to warrant an indictment, or in the indictment, information or complaint, other than that it fails to show jurisdiction in the court or to charge an offense, may be raised only by motion before trial. The motion shall include all such defenses and objections then available to the defendant.
"2. Failure to present any such defense or objection as herein provided constitutes a waiver thereof, but the court for cause shown may grant relief from the waiver."

[8]NRS 205.130, subsection 1, in relevant part:
"1. Every person who for himself, or as the agent or representative of another, . . . willfully, with intent to defraud, shall make, pass, utter or publish any bill, note, check or other instrument in writing for the payment of money . . . directed to or drawn upon any real or fictitious person, bank, firm, partnership, corporation or depositary, when in fact such person shall have no money, . . . or shall have insufficient money, . . . with the drawee of such instrument to meet and make payment of the same in full upon its presentation, shall be guilty of a misdemeanor unless such instrument, or a series of such instruments passed in the state during a period of 90 days, is in the amount of $100 or more, in which case such person shall be guilty of a felony . . . ."

C. Schnepp was initially charged with issuing a check without sufficient funds, with intent to defraud. Prior to trial the Information was amended, changing the dates when the checks were issued from July 11, 1975, through July 19, 1975, to July 11, 1975, through July 18, 1975, and by the addition of a habitual criminal count. Schnepp complains for the first time on appeal that the Information was amended without first obtaining an order of the court to do so. Yet he was arraigned and went to trial on the amended Information without entering any objection thereto. He is precluded from objecting at this juncture. NRS 174.105, *supra*.

D. Finally, Schnepp urges that the trial court committed reversible error in not granting his motion for a continuance made on the date of his trial.

On the morning of trial, Schnepp's counsel made an oral motion for a continuance of the trial. The motion was predicated principally upon counsel's representation that Schnepp had given him the names of two witnesses whose testimony might be helpful to the defense.[9]

In State v. Nelson, 36 Nev. 403, 136 P. 377 (1913), this

---

[9]NRS 174.125, in relevant part:

"1. All motions in a criminal prosecution to suppress evidence, for a transcript of former proceedings, for a preliminary hearing, for severance of joint defendants, for withdrawal of counsel, and all other motions which by their nature, if granted, delay or postpone the time of trial, shall be made prior to trial, unless opportunity to make any such motion prior to trial did not exist or the moving party was not aware of the grounds for the motion prior to trial.

" . . .

"3. In any judicial district in which two or more judges are provided by NRS 3.010:

"(a) All motions subject to the provisions of subsection 1 shall be made in writing not less than 15 days before the date set for trial, except that if less than 15 days intervene between entry of a plea and the date set for trial, such a motion may be made within 5 days after entry of the plea.

"(b) The court may, if a defendant waives hearing on the motion or for other good cause shown, permit the motion to be made at a later date.

"4. Grounds for making such a motion after the time provided or at the trial must be shown by affidavit."

In presenting the oral motion, counsel complained that Schnepp had never entered a plea to the amended Information—although the record shows that, when Schnepp refused to plead, the trial court had entered a not guilty plea for him.

court laid down the rule that, to entitle an accused to a continuance on the ground of the absence of witnesses, it must appear that the witnesses' testimony is material, that the accused has been guilty of no negligence in securing the witnesses' attendance, and that the attendance of the witnesses can be had at the time to which the trial is continued. In Nelson, the accused's motion was denied for failure to satisfy any one of these three requisites. The denial was sustained on appeal. In the instant case, the trial court found that Schnepp was negligent because he had known the identity of the witnesses for several months and had made no attempt to locate them or secure their presence at trial. There was no showing of the materiality of their testimony, nor that they would be present at a later date if the trial had been continued. Accordingly, the motion for a continuance was properly denied. See DCR 21.

For these reasons, we affirm Schnepp's judgment of conviction.

GUNDERSON, C. J., and BATJER, ZENOFF, and THOMPSON, JJ., concur.