MICHAEL J. WATSON, Appellant, *v*. THE STATE OF NEVADA, Respondent.

No. 9771

May 17, 1978                                                    578 P.2d 753

*Morgan D. Harris,* Public Defender, and *James B. Gibson,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *H. Leon Simon,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant was convicted of attempted burglary. At trial, testimony was received from the owner of the residence that two men approached her front door and rang the door bell several times. Because the men were not familiar to her, she did not answer the door. While the men proceeded to the backyard and attempted to gain entry into the residence through a sliding glass door, she called the police.

Officers responding to the call saw the men running and began pursuit. One officer testified that he apprehended one suspect immediately and apprehended the appellant Watson later behind a bush in a neighbor's yard. The neighbor subsequently raked behind the bush and discovered socks and channellocks which were not his. At trial, a police officer testified that channellocks are used to break the locks on doors and that socks are frequently used in lieu of gloves to prevent leaving latent fingerprints.

During trial, Watson attempted to discharge his privately retained counsel and to represent himself. The trial judge repeatedly cautioned Watson against undertaking self-representation but refused to permit the unqualified discharge of counsel. The trial court informed Watson of his right to represent himself but appointed, at public expense, the same counsel to remain and assist Watson. Watson was convicted by jury verdict and now appeals from the entry of judgment.

Two issues confront us: (1) Did the trial court's action violate defendant's right to counsel, and (2) did the trial court err in permitting testimony about the channellocks and socks?

1. *Right to counsel.* Watson contends that he was prejudiced by the trial court's reappointing the same counsel to represent him and that he was thus denied effective counsel. Watson had privately retained the attorney but at the commencement of trial attempted to discharge him. He stated as reasons that although the defense exhausted its peremptory

challenges, there were still several jurors he wanted excused. Additionally, Watson felt that counsel had, without Watson's consent, disclosed his proposed defense to the prosecution. In remarks addressed to another matter outside the presence of the jury, the prosecutor anticipated that Watson might claim as an alibi that he was at a friend's home during the incident. Because this was apparently the defense Watson intended to present, he claimed that his attorney must have related it to the district attorney. The prosecutor denied any such communication and stated that it was merely an educated guess. Eventually, Watson apologized to the court for these accusations.

Appellant cites State v. Bitz, 404 P.2d 628 (Idaho 1965), as authority that permitting the withdrawal of defense counsel and later reappointing the same counsel constitutes reversible error. *Bitz* is inapposite to our factual setting. Here, the trial court made a determination that no adequate grounds existed for the discharge of counsel and thus denied the motion for discharge. Counsel was then appointed by the court at public expense merely to provide standby assistance. Watson later, before any prejudice had resulted, did, essentially because of his inability to proceed *pro se,* again accepted full legal representation and his counsel effectively conducted the defense. Thus, there was in fact no discharge of counsel and subsequent reappointment.

The instant matter is parallel to People v. Durham, 449 P.2d 198 (Cal. 1969), where the court refused to permit the defendant to discharge retained counsel on the first day of trial because it would have seriously disrupted the judicial proceedings and the defendant's disagreement with his counsel did not justify discharge. *Accord,* Schnepp v. State, 92 Nev. 557, 554 P.2d 1122 (1976).

The record shows that at the commencement of the trial, although there was no initial legally cognizable disagreement between the appellant and his counsel, the conflict ceased in time to allow him to fully discharge his duties as defense counsel. Appellant's attorney effectively protected his client's interests by being adequately prepared, cross-examining each of the State's witnesses, making timely objections, calling a witness, and making an able closing argument. Our review of the record does not suggest that the trial was reduced to "a sham, farce, or pretense." Sullivan v. Warden, 91 Nev. 563, 540 P.2d 112 (1975); Jackson v. Warden, 91 Nev. 430, 537 P.2d 473 (1975); Founts v. Warden, 89 Nev. 280, 511 P.2d 111 (1973).

Nor was appellant prejudiced by the fact that existence of the attorney-client disagreement was inadvertently made known to

the jury. The trial court admonished the jury that any disagreement between itself, counsel, and defendant had no bearing on the innocence or guilt of the defendant and was to be disregarded. Nor does a review of the record indicate that appellant was denied the effective assistance of counsel. Weber v. State, 92 Nev. 367, 550 P.2d 779 (1976).

2. *Testimony regarding channellocks and socks.* Appellant objects to the testimony of a police officer regarding possible criminal uses of channellocks and socks. He contends that it was never determined whether the officer testified as an expert witness and that absent such determination the jury may have been overly influenced by such nonexpert testimony given under the guise of expertise. *Cf.* Crowe v. State, 84 Nev. 358, 441 P.2d 90 (1968).

Although no express finding was made that the evidence was offered as expert testimony, the foundational questions implied that the testimony was proffered as such. Moreover, a jury instruction pertaining to expert testimony suggests that the testimony was expert in nature. The admissibility and competency of opinion testimony, either expert or non-expert, is largely discretionary with the trial court, State v. Crook, 565 P.2d 576 (Idaho 1977), as is the determination of what evidentiary areas mandate the use of experts, State v. Knapp, 562 P.2d 704 (Ariz. 1977).

The officer testified that channellocks are often used by burglars to break the internal mechanism of door locks and that socks are often used in lieu of gloves to cover the hands thereby preventing fingerprint impressions. The jury instruction properly stated that the jury could give whatever credibility it wished to the expert opinion, Hardison v. State, 84 Nev. 125, 437 P.2d 868 (1968); People v. Clay, 38 Cal.Rptr. 431 (App. 1964), even if the "expert" opinion were in fact non-expert, State v. Johnson, 536 P.2d 295 (Idaho 1975).

The testimony involved proper subject matter. NRS 50.275 authorizes expert testimony "[i]f scientific, technical or otherwise specialized knowledge *will assist the trier of fact to understand the evidence or determine a fact in issue. . . .*" (Emphasis supplied.) *See also,* Dawson v. State, 84 Nev. 260, 439 P.2d 472 (1968). Here, the testimony would have been helpful to the jury, indicating the possible modus operandi of burglary. People v. Jenkins, 532 P.2d 857, *cert. denied,* 423 U.S. 860 (Cal. 1975).

The trial court reasonably exercised its discretion in permitting the testimony.

The judgment of conviction is affirmed.