## ALBERT O'NEAL SCOTT, Appellant, v. WARDEN, NEVADA STATE PRISON, Respondent.

### No. 10776

December 7, 1978                                  587 P.2d 36

*Horace R. Goff,* Nevada State Public Defender, and *J. Gregory Damm,* Chief Trial Deputy, Carson City, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *H. Leon Simon,* Chief Deputy District Attorney, Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

A jury convicted Albert O'Neal Scott of the first degree murder of Lynette Blake and the attempted murder of Janice Crisp. He was sentenced to consecutive terms of life imprisonment and twenty years in state prison, with the possibility of parole. His conviction was affirmed in Scott v. State, 92 Nev. 552, 554 P.2d 735 (1976).[1] Scott later sought post-conviction

---

[1]Scott's subsequent petition to the U.S. District Court for federal habeas corpus relief was dismissed without prejudice to his refiling upon the exhaustion of his state remedies.

relief, pursuant to NRS 177.315–177.385, alleging certain errors were committed during the course of his trial and on appeal. The district court considered each of the assignments but denied relief on the ground that they were or could have been raised in the direct appeal and good cause has not been shown for the failure to do so. NRS 177.375(2);[2] Cf. Stewart v. Warden, 92 Nev. 588, 555 P.2d 218 (1976). We agree with the district court and affirm.

Scott asserts that his prior appointed appellate counsel was inadequate and ineffective. Our examination of the record demonstrates that this contention is wholly without merit. Sullivan v. Warden, 91 Nev. 563, 540 P.2d 112 (1975); Warden v. Lischko, 90 Nev. 221, 523 P.2d 6 (1974); Sheriff v. Povey, 87 Nev. 603, 491 P.2d 84 (1971); Bean v. State, 86 Nev. 80, 465 P.2d 133 (1970), cert. denied 400 U.S. 844 (1970).

The additional issues tendered by appellant are likewise without merit.

---

[2] NRS 177.375(2) provides:

"If the petitioner's conviction was the result of a trial, all claims for post-conviction relief are waived which were or could have been:

(a) Presented to the trial court;

(b) Raised in a prior petition for post-conviction relief; or raised in any other proceeding that the petitioner has taken to secure relief from his conviction or sentence unless the court finds good cause shown for the failure to present such claims."