The **PEOPLE of the State of Colorado,** Plaintiff–Appellee,

v.

**Vito LOMANACO, Defendant–Appellant.**

**No. 88CA1177.**

Colorado Court of Appeals, Div. II.

July 19, 1990.

Rehearing Denied Aug. 30, 1990.

Certiorari Denied Jan. 7, 1991.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., A. William Bonner, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Robin Desmond, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge METZGER.

Defendant, Vito Lomanaco, appeals the judgment of conviction entered on a jury verdict finding him guilty of distribution of, possession of, and conspiracy to manufacture a Schedule II controlled substance. He contends that the trial court erred in allowing certain testimony and by failing to instruct the jury properly. We affirm.

I.

■ Defendant first asserts that the trial court abused its discretion in allowing a DEA agent to present opinion testimony concerning various aspects of methamphetamine manufacture without first qualifying the agent as an expert on its own motion. We disagree.

Since this issue is raised for the first time on appeal, we must apply the plain error standard of review. Crim.P. 52(b). Thus, we must determine whether defendant's substantial rights were affected. *Wilson v. People,* 743 P.2d 415 (Colo.1987).

Defendant concedes that the initial portion of the prosecutor's direct examination of the agent constituted the type of examination normally associated with qualifying an expert witness. *See* CRE 702. The record shows that the agent cataloged his academic background, extensive job experience, and professional affiliations, and that he provided what defendant describes as a "litany of qualifications" at trial. Defendant does not contend that the agent lacked the qualifications necessary to be accepted as an expert; he argues only that the trial court's failure, *sua sponte,* to qualify the agent as an expert witness and to thereafter allow the agent to testify to matters solely within the province of expert witnesses constitute reversible error. We disagree.

■ Although it is for the trial court to determine whether a witness is qualified to be an expert, CRE 702; *Eggert v. Mosler Safe Co.,* 730 P.2d 895 (Colo.App.1986), there is no requirement that the court specifically make that finding. *See United States v. Bartley,* 855 F.2d 547 (8th Cir. 1988); *Watson v. State,* 94 Nev. 261, 578 P.2d 753 (1978). Here, the admission of the agent's expert testimony amounted to an implied finding by the trial court that the witness was qualified to give expert testi-

mony. *See State v. Covington*, 22 N.C. App. 250, 206 S.E.2d 361 (1974). This was sufficient under the circumstances of this case.

We conclude that the trial court's omission, absent any request by the prosecutor or objection by defense counsel, to qualify the agent specifically as an expert had no adverse effect upon defendant's substantial rights. The foundation questions implied that the agent, whose credentials illustrated his substantial expertise, was proffered as an expert. He was cross-examined extensively and thoroughly. As well, the jury received the standard expert witness instruction, which properly stated that the jury could give whatever weight, if any, it wished to the testimony.

Furthermore, the main issue at trial was whether defendant was aware that a methamphetamine laboratory was being operated in the house where he was staying. The agent's "opinion" testimony bore on an issue freely conceded by defendant—that the laboratory was, in fact, used to manufacture methamphetamines.

Hence, the technical failure of the trial court expressly to state that the witness had been qualified as an expert and to permit expert opinion testimony regarding the connection between several items found in the house and the manufacture of methamphetamines does not warrant reversal.

## II.

Defendant next contends that the trial court committed reversible error by failing to instruct the jury properly. We disagree.

■ We must again apply the plain error standard of review because this issue was not raised at trial. *Wilson v. People, supra.* In the context of instructional error there is no plain error unless a review of the entire record demonstrates a reasonable possibility that the improper instruction contributed to the defendant's conviction. *People v. Dillon*, 655 P.2d 841 (Colo. 1982).

## A.

■ Defendant argues that the joint operation instruction, defining only "knowingly," confused the jurors because it could have led them to believe that the necessary culpable mental state for conspiracy and for complicity was "knowingly" rather than "intentionally." We disagree.

The joint operation instruction did not purport to govern any particular charge; it was a general instruction explaining to the jury that the mental state was as much an element of the crime as the act itself and that defendant's mental state must be proved beyond a reasonable doubt. Because the definitions of conspiracy and complicity specifically included the term "intent," the jurors were aware of the necessary culpable mental states. In the absence of any indication to the contrary, we will presume that these instructions were followed. *People v. Goff*, 187 Colo. 103, 530 P.2d 514 (1974).

## B.

■ Defendant next asserts that the instructions were deficient because they failed to define "intent." In *People v. R.V.*, 635 P.2d 892 (Colo.1981), our supreme court held that it was not error for the trial court to deny defendant's tendered instructions on "specific intent" and on "intentionally or with intent." It noted:

"In our view, the words 'with intent to promote or facilitate' are not words of uncommon meaning which are apt to be misunderstood by a jury and therefore require further definition."

The same reasoning applies to the instructions at issue in this case.

## C.

■ Moreover, we note that, even if the instructions were erroneous, instructional error generally will not be considered plain error if the evidence of the defendant's guilt is overwhelming. *Espinoza v. People*, 712 P.2d 476 (Colo.1985). Such was the case here.

The only readable fingerprints found on three laboratory items were those of the

defendant; his thumbprint was the only one on the "recipe" for the manufacture of methamphetamines. Defendant was present at, and assisted in, the purchase of several items necessary for the manufacture of methamphetamines. He drove the car that was used to pick up these various items from several businesses throughout the Denver metropolitan area. And, as one witness testified, the distinctive odor of methamphetamine in the house was "so thick you could cut it with a knife."

It is an understatement to say that the evidence in this record was sufficient to establish defendant's guilt beyond a reasonable doubt.

Judgment affirmed.

SMITH and PLANK, JJ., concur.