An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

RICHARD EUGENE BALL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65540

**FILED**

MAY 19 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of child abuse, neglect or endangerment. Eighth Judicial District Court, Clark County; Michael Villani, Judge. Appellant Richard Eugene Ball raises seven issues.

First, Ball contends that insufficient evidence was adduced to support the jury's verdict. Ball claims that he was "allowed to use force to physically remove [the victim] from the closet," and "[i]f she fought back . . . and during that struggle [he] [was] required to grab her arms more forcefully, he should not be convicted of child abuse." We disagree with Ball's contention because the evidence, when viewed in the light most favorable to the State, is sufficient to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Mitchell v. State*, 124 Nev. 807, 816, 192 P.3d 721, 727 (2008).

At the time of the incidents leading to the instant charges,[1] the victim was 13 years old and lived with her mother, 8-year-old half-

---

[1] The jury found Ball not guilty of assault with a deadly weapon for an earlier alleged confrontation with the victim.

sister, and Ball. The victim testified that after telling her to stop making noise, Ball grabbed her arms, pushed her toward a closet, and eventually punched her twice in the face—once on the lip causing it to bleed, and a second time on her cheek. The victim's half-sister testified that she did not witness the attack, but that she saw the victim immediately after Ball left the room and saw the victim's bloody lip, which was not bleeding before Ball entered the room. Celeste Gregg, a school nurse, testified that the victim was brought to her office the following day and, among other things, had a swollen lip. Gregg testified, based on her own experiences, that the injury did not appear to be consistent with a lip that had been bitten and that the injury appeared to be fresh, "within the last 24 hours." Shannon Edwards, a registered nurse, also testified that she saw the victim the day after the incident and observed "several small cuts inside the cheek on the top and the bottom and they were open." Like Gregg, Edwards stated that based on her own experiences, she "wouldn't consider" the victim's mouth wounds as being self-inflicted. Photographs of the victim's injuries were provided to the jury.

Circumstantial evidence alone may sustain a conviction. *Buchanan v. State*, 119 Nev. 201, 217, 69 P.3d 694, 705 (2003). It is for the jury to determine the weight and credibility to give conflicting testimony, *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992), and a jury's verdict will not be disturbed on appeal where, as here, sufficient evidence supports the verdict, *Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981); *see also* NRS 200.508(1)(b). Therefore, we conclude that Ball's contention is without merit.

Second, Ball contends that the district court erred by overruling his objections and allowing the State to introduce improper lay

opinion testimony from two witnesses regarding the timing and nature of the victim's injuries. Ball claims that the testimony from Gregg and Edwards, noted above, amounted to expert testimony and exceeded the scope allowed by NRS 50.265 for lay witness opinion. We conclude that the district court did not abuse its discretion by admitting the testimony of Greggs and Edwards because it was within their lay experience as it was based on their own experiences and observation of the victim's injuries and did not constitute expert testimony.[2] *See Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008) (stating that district court's decision to admit or exclude evidence is reviewed for an abuse of discretion; *see also Watson v. State*, 94 Nev. 261, 264, 578 P.2d 753, 756 (1978) ("The admissibility and competency of opinion testimony, either expert or non-expert, is largely discretionary with the trial court.").

Third, Ball contends that the State committed misconduct during trial by changing its theory of prosecution without notice. Ball claims that the State never alleged that he committed child abuse, neglect or endangerment by scratching the victim's arms yet presented evidence and argued during its closing and rebuttal argument that the jury could find him guilty of the charged offense if it found that he did. Ball concedes that he failed to object below but argues that we should review the issue for plain error. *See* NRS 178.602 ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the

---

[2]Ball also claims that Detective Monique Bulmer's alleged opinion that Ball was arrogant was improper lay witness opinion testimony. Ball, however, offers no argument in support of this claim, therefore, we need not address it. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).

attention of the court."); *see also Grey v. State*, 124 Nev. 110, 120, 178 P.3d 154, 161 (2008) ("Failure to object below generally precludes review by this court; however, we may address plain error and constitutional error *sua sponte*." (internal quotation marks omitted)). Our review of the record reveals that the State never argued that the scratches amounted to child abuse, instead arguing and demonstrating that Ball committed the offense of child abuse, neglect or endangerment by punching the victim "in the mouth and face," as alleged in the charging document. We conclude that Ball has not demonstrated plain error entitling him to the reversal of his conviction. *See Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003) (when reviewing for plain error, "the burden is on the defendant to show actual prejudice or a miscarriage of justice").

Fourth, Ball contends that the district court erred by rejecting his proposed jury instruction on corporal punishment where the instruction provided did "not adequately advise[ ] that corporal punishment is a defense to child abuse." During the settling of jury instructions, Ball informed the district court that he was withdrawing several previously proposed instructions, including the corporal punishment instruction, "because I believe they have been incorporated in the jury instructions that you have." We therefore conclude that Ball waived any challenge to the instruction given or the failure to give his proposed instruction.

Fifth, Ball contends that the district court erred by allowing the victim's half-sister's father, Calvin Jones, to act as the half-sister's attendant during her testimony pursuant to NRS 178.571(2) because Jones was on the State's witness list and had not yet testified, and he "was an alternate source of" the victim's injuries. We conclude that no relief is

warranted for two reasons. Ball has changed the theory underlying his objection below, which was that NRS 178.571 did not apply to this case. We therefore need not consider his argument on appeal. *See Ford v. Warden*, 111 Nev. 872, 884, 901 P.2d 123, 130 (1995) (stating that appellant "cannot change [his] theory underlying an assignment of error on appeal"); *see also Pantano v. State*, 122 Nev. 782, 795 n.28, 138 P.3d 477, 485 n.28 (2006) (stating that "failure to specifically object on the grounds urged on appeal preclude[s] appellate consideration on the grounds not raised below"). Further, Jones was never called to testify during the trial, and therefore, the fact that he was not examined and cross-examined before any other witness testified did not result in actual prejudice or a miscarriage of justice. *See Green*, 119 Nev. at 545, 80 P.3d at 95 (describing plain-error review).

Sixth, Ball contends that the district court violated his right to due process by limiting his ability to present evidence of the victim's behavior days earlier in Minnesota that resulted in her getting punched in the face by her half-sister's father and grandmother. The district court determined that evidence that the victim had been punched in the face days earlier was relevant and admissible, but that evidence regarding the reasons for the beatings in Minnesota were collateral and irrelevant. *See* NRS 48.025(2) ("Evidence which is not relevant is not admissible."). We agree and conclude that the district court did not abuse its discretion. *See Mclellan*, 124 Nev. at 267, 182 P.3d at 109 (stating that district court's decision to admit or exclude evidence is reviewed for an abuse of discretion).

Finally, Ball contends that cumulative error deprived him of a fair trial and requires the reversal of his conviction. Because we found no error, there are no errors to cumulate. Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Parraguirre

_____, J.
Douglas

CHERRY, J., dissenting:

Due to the number of issues raised in this appeal, I would order full briefing and then determine whether oral argument is appropriate in this case. Therefore, I respectfully dissent.

_____, J.
Cherry

cc:   Hon. Michael Villani, District Judge
      Clark County Public Defender
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk