# IN THE SUPREME COURT OF THE STATE OF NEVADA

BAYZLE DYLAN MORGAN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 71988

FILED

JUN 15 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury trial, of robbery. Eighth Judicial District Court, Clark County; Richard Scotti, Judge.[1]

Appellant Bayzle Dylan Morgan first argues that insufficient evidence supported his conviction. The victim testified that Morgan threatened to shoot him for his motorcycle and then rode the motorcycle away from the scene. Police recovered the motorcycle at Morgan's residence when he was arrested, and Morgan conceded at trial that he took the vehicle. From the evidence presented, a rational juror could reasonably infer that Morgan obtained the victim's motorcycle by threat or intimidation. *See* NRS 200.380(1). The acquittal on the deadly-weapon enhancement does not undermine the sufficiency of the evidence to support the robbery conviction. *See United States v. Powell*, 469 U.S. 57, 64-68 (1984) (explaining that inconsistent verdicts did not provide grounds to vacate conviction); *Brinkman v. State*, 95 Nev. 220, 224, 592 P.2d 163, 165 (1979) (similar). Accordingly, Morgan's insufficient-evidence claim fails.

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

18-22588

*See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998).

Morgan next argues that the district court abused its discretion in denying his pretrial motion to exclude evidence of a handgun. The victim testified that Morgan used a handgun in robbing him, Morgan was charged with robbery with a deadly weapon, and a gun consistent with the victim's description of the weapon used was found when Morgan was arrested and had Morgan's DNA on it. The handgun evidence therefore was probative as to determining a material fact of the trial. The victim's testimony connecting a matching gun to the robbery belies Morgan's contention that there was no evidence that the gun was used in the crime. Accordingly, the district court did not abuse its discretion in admitting this relevant evidence. *See* NRS 48.015 (defining relevant evidence); *Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008) (reviewing district court's decision to admit evidence for an abuse of discretion).

Morgan next argues that the district court abused its discretion by denying three motions for continuances—first, to delay this case so that a conviction could not be used as an aggravating circumstance in a separate capital case; second, to obtain the appearance of witness Ms. Baca, who would have testified in support of a defense theory other than that pursued at trial; and third, to continue the trial over a weekend on the final day of trial to voir dire Baca and potentially present her testimony. We address each in turn, recognizing that whether to deny a motion for a continuance is within the district court's sound discretion. *See Lord v. State*, 107 Nev. 28, 42, 806 P.2d 548, 556 (1991). First, Morgan offers no authority supporting his contention that this proceeding should have been delayed until a separate capital prosecution reached its disposition, and our caselaw

weighs against endorsing such a position, as we have held that convictions obtained after the commission of the capital offense but before the penalty phase of the trial may be used as aggravating circumstances. *Gallego v. State*, 101 Nev. 782, 792-93, 711 P.2d 856, 864 (1985); *see also Nunnery v. State*, 127 Nev. 749, 766-67, 263 P.3d 235, 247-48 (2011) (describing prosecution's decision to order concurrent prosecutions so that separate cases could yield convictions to be used as aggravating circumstances in the instant case, without considering the decision to be improper). Second, before the trial was delayed for unrelated reasons, the district court denied Morgan's request for a continuance to obtain Baca's appearance, finding that Morgan could not locate her and did not know her location such that it was not clear that her appearance could be secured for trial, and the record supports this finding. *See Schnepp v. State*, 92 Nev. 557, 562-63, 554 P.2d 1122, 1125 (1976) (noting that a continuance to obtain absent witnesses requires showing that the testimony is material, that no negligence had occurred in obtaining the testimony, *and* that the witnesses can be procured for trial). Third, the record supports the district court's determination that Baca's testimony was not material and its findings that she did not witness the robbery or have personal knowledge of the crime, that her testimony weighing against Morgan's use of a gun was not significant after the jury acquitted Morgan of the use of a deadly weapon, and that her asserting that Morgan had not taken steps to conceal the motorcycle beyond parking it in a closed garage was irrelevant to Morgan's intent when he had obtained the motorcycle earlier. *See id.* As Baca's testimony was not material, Morgan was not prejudiced by its omission, yet the district court would be potentially prejudiced by further delay, as media coverage about Morgan and jurors' personal obligations threatened to deprive the court of 12 jurors.

 

*See* NRS 175.021(2); *Lord*, 107 Nev. at 42, 806 P.2d at 557 (considering prejudice to the court and prejudice to the defendant in reviewing a denied motion for a continuance). Accordingly, we conclude that the district court did not abuse its discretion in denying these requests.

Morgan next argues that this court should adopt a rule that where a defendant faces simultaneous prosecutions and one is a capital proceeding that includes the other as an aggravating circumstance, the trial court should schedule the capital trial before that of the potential aggravating circumstance. Setting aside that Morgan has pleaded guilty and the State has withdrawn its notice of intent to seek the death penalty in the separate matter, *State v. Morgan*, Clark Cty. Case No. C-13-290721-2 (Minutes, April 11, 2018), Morgan offers no authority supporting this proposed rule or identifying other jurisdictions that have adopted it. To the extent that he proffers authority standing for the general principle that capital proceedings are unique and warrant particular scrutiny, our law already recognizes that principle, *see, e.g.*, SCR 250(1) (recognizing that the highest priority is placed on the diligent conduct of capital cases), and that general authority is relevant in the case where the death penalty is being sought, not here. We therefore decline Morgan's invitation to adopt a new rule.

Morgan next argues that the district court erred by failing to conduct a "complete" evidentiary hearing on whether the State or jail staff intentionally interfered with procuring Baca's presence. The district court held two evidentiary hearings and found that normal processes were followed in Baca's transfer between custodial facilities. Morgan has failed to identify any indicia of malfeasance beyond speculating that further investigation could reveal such. *Cf. White v. State*, 95 Nev. 159, 161, 591

P.2d 266, 268 (1979) ("A silent record is the equivalent of no proof at all."). We conclude that Morgan has failed to show that the district court erred in conducting the evidentiary hearings regarding this matter.

Lastly, Morgan argues that cumulative error warrants relief. As Morgan has identified no error to cumulate, this claim fails.

Having considered Morgan's contentions and concluded that they do not warrant relief, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc: Hon. Richard Scotti, District Judge
Dayvid J. Figler
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk