## MATT JOHNSON, Jr., Appellant, v. WARDEN, NEVADA STATE PRISON, Respondent.

No. 7063

October 29, 1973                                    515 P.2d 63

*Gary Sheerin,* Nevada State Public Defender, Carson City, for Appellant.

*Robert List,* Attorney General, Carson City; *Roy A. Woofter,* District Attorney, and *Charles A. Garner,* Chief Deputy District Attorney, Clark County, for Respondent.

# OPINION

By the Court, MOWBRAY, J.:

Matt Johnson, Jr., was tried to a jury and convicted in 1970 for the crime of robbery. He was sentenced to a term of 5 years in prison. NRS 200.380. His conviction on appeal to this court was affirmed. Johnson v. State, 87 Nev. 364, 486 P.2d 493 (1971). Thereafter, on May 30, 1972, Johnson filed a petition pursuant to the Post-Conviction Relief Act (NRS 177.315–NRS 177.385), asserting as error the violation of certain of his constitutional rights.[1] The petition was denied after a hearing in the lower court, and it is from that denial that Johnson now appeals.

This court has refused successive writ applications under the Post-Conviction Relief Act where the petitioner has failed to explain in his later application for relief why the grounds that had been previously available to him were not asserted in his "original, supplemental or amended petition." Rogers v. Warden, 86 Nev. 359, 362, 468 P.2d 993, 994 (1970).

Members of this court have urged, and we now hold, that this court will consider as waived those issues raised in a post-conviction relief application which might properly have been raised on direct appeal, where no reasonable explanation is offered for petitioner's failure to present such issues. See concurring opinion of Justice Zenoff, Nall v. Warden, 86 Nev. 489, 491, 471 P.2d 218, 219 (1970); Craig v. Warden, 87 Nev. 39, 482 P.2d 325 (1971).

Petitions for post-conviction relief are not precluded under all circumstances where an appeal has already been taken.

---

[1] The petition is predicated upon 6 alleged violations: 1) that he was arrested without probable cause; 2) that he was held in custody in derogation of his constitutional rights before being taken before a magistrate; 3) that he was forced to participate in an unduly suggestive lineup without presence of counsel; 4) that he was appointed incompetent counsel at trial; 5) that he was denied a fair and impartial trial; and 6) that the jury was not a fair cross section of the community, in that Blacks were systematically excluded from the jury panel.

Such petitions may be entertained where the petitioner has shown good cause for his failure to raise such claims in the prior proceeding. NRS 177.375.[2] In the instant case, Johnson does not allege or show good cause for omitting from the prior appeal the issues now urged for consideration by this court. The evidence originally urged to be insufficient to establish guilt is now urged to be insufficient for constitutional reasons. There is no reason why both allegations could not have been raised at the same time.

The claimed errors existed at the time of appeal and should have been urged then and not in this post-conviction petition; accordingly, we affirm the decision of the lower court.

THOMPSON, C. J., and GUNDERSON, BATJER, and ZENOFF, JJ., concur.

---

[2]NRS 177.375:

"1. If the petitioner's conviction was upon a plea of guilty, all claims for post-conviction relief are waived except the claim that the plea was involuntarily entered.

"2. If the petitioner's conviction was the result of a trial, all claims for post-conviction relief are waived which were or could have been:

"(a) Presented to the trial court;

"(b) Raised in a prior petition for post-conviction relief; or raised in any other proceeding that the petitioner has taken to secure relief from his conviction or sentence, unless the court finds good cause shown for the failure to present such claims."