WARDEN, NEVADA STATE PRISON, Appellant, v.
LOUIS ELMO SPARKS, Respondent.

No. 8150

October 23, 1975                    541 P.2d 651

*Robert List,* Attorney General, *D. Geno Menchetti,* Chief Deputy, and *Patrick B. Walsh,* Deputy, Carson City, for Appellant.

*Horace R. Goff,* State Public Defender, and *Michael R. Griffin,* Deputy, Carson City, for Respondent.

## OPINION

*Per Curiam:*

On January 4, 1972, a jury found Louis Elmo Sparks guilty of selling marijuana, a felony. Thereafter, on February 7, 1972, he was sentenced to a term of 10 years in the Nevada State Prison. We affirmed the judgment of conviction in Sparks v. State, 89 Nev. 84, 506 P.2d 1260 (1973).

Several months later Sparks petitioned for post-conviction relief, in the Eighth Judicial District Court, reiterating issues which were considered and rejected in the direct appeal. Relief was denied November 21, 1974, and we dismissed his appeal from that determination in an unpublished order filed July 31, 1975, in case No. 8030.

Prior to the resolution of the first petition for post-conviction relief Sparks filed another petition in the First Judicial District Court on September 12, 1974. This latter petition was granted March 4, 1975; however, the district judge deferred the effectiveness of his order, if the state appealed, which it did.

In granting Sparks' petition for post-conviction relief, the district judge concluded (1) marijuana was improperly classified, under the Nevada statutes, as a narcotic; and (2) the

indictment, under which Sparks was tried and convicted, was insufficient because it did not specify that a "usable amount" of marijuana had been sold. Appellant contends the district court's conclusions are contrary to Nevada law and that we are, therefore, compelled to reverse. We agree.

1. This court has previously considered and rejected the argument that marijuana was improperly classified as a narcotic. Sherman v. State, 89 Nev. 77, 506 P.2d 417 (1973); Egan v. Sheriff, 88 Nev. 611, 503 P.2d 16 (1972).

2. Sparks' belated challenge to the sufficiency of the indictment did not present a cognizable issue to the trial court.[1] (1) He chose to go to trial without challenging the indictment; (2) he neither raised the issue during the trial nor on his direct appeal; (3) he neither raised the issue in his prior post-conviction challenge, nor has he delineated a reason for his failure to so do. Furthermore, in this proceeding he has not suggested a reason as to why the issues brought forth at this late date were not previously raised.[2] See NRS 177.375. See also, Johnson v. Warden, 89 Nev. 476, 477, 515 P.2d 63, 64 (1973), which said: ". . . we now hold, that this court will consider as waived those issues raised in a post-conviction relief application which might properly have been raised on direct appeal, where no reasonable explanation is offered for petitioner's failure to present such issues."

The order of the district court is reversed.

---

[1]See Simpson v. District Court, 88 Nev. 654, 661, 503 P.2d 1225, 1230 (1972), where we noted that ". . . when an accused proceeds to trial without challenging the indictment . . . he should not be heard to complain if the indictment, with the Grand Jury transcript, gave notice of what later transpired at trial; . . ." Here the record reflects Sparks sold two (2) "full baggies" of marijuana for $50.00.

[2]For several years this court has refused to consider issues raised in successive applications for post-conviction relief where a petitioner has failed to explain why the issues were not previously raised. See Rogers v. Warden, 86 Nev. 359, 468 P.2d 993 (1970), and its progeny.