JAMES RUDY STEWART, Appellant, v. WARDEN,
NEVADA STATE PRISON, Respondent.

No. 9046

October 20,. 1976                    555 P.2d 218

*Horace R. Goff,* Nevada State Public Defender, and *J.
Thomas Susich,* Deputy Public Defender, Carson City, for
Appellant.

*Robert List,* Attorney General, and *Patrick B. Walsh,* Dep-
uty Attorney General, Carson City, for Respondent.

## OPINION

*Per Curiam:*

This appeal is from an order which summarily dismissed a
petition for habeas corpus [post-conviction] relief.

In dismissing the petition the district judge concluded, *inter
alia,* our decision in Johnson v. Warden, 89 Nev. 476, 515
P.2d 63 (1973), precludes appellant from now litigating the
claimed errors that could have been raised on direct appeal.

In *Johnson* we said: ". . . this court will consider as waived
those issues raised in a post-conviction relief application which
might properly have been raised on direct appeal, *where no*

*reasonable explanation is offered for petitioner's failure to present such issues.*" Id. 89 Nev. at 477, 515 P.2d at 64, [our emphasis]. See also, NRS 177.375(2), which contains analogous language[1].

The record reflects a deputy in the Office of the Washoe County Public Defender represented appellant when he was tried for first degree murder, and on the subsequent appeal, which was affirmed. See Stewart v. State, 92 Nev. 168, 547 P.2d 320 (1976).

It is uncontroverted that while the appeal was in progress appellant requested his then attorney to raise certain claims of error, and the attorney neither presented those claims of error to the supreme court nor offered any reason or explanation for his failure to do so. See Anders v. California, 386 U.S. 738 (1967); and, Sanchez v. State, 85 Nev. 95, 450 P.2d 793 (1969).

In our view, the recited circumstances constitute both a "reasonable explanation," as contemplated by *Johnson;* and, the "good cause," specified in NRS 177.375(2), for appellant's failure to present the issues in his direct appeal.

In the factual context of this post-conviction proceeding, we hold the unexplained omissions of appellant's former attorney may not be relied upon by a district court to penalize appellant for the failure of his ". . . appointed counsel [to] function in the active role of an advocate, . . ." Entsminger v. Iowa, 386 U.S. 748, 751 (1967)[2].

The district judge should have heard and resolved those contentions which appellant had requested his attorney to pursue and are now before the state court for the first time in the post-conviction proceeding[3].

---

[1]"177.375   Waiver of Claims.

". . .

"2.   If the petitioner's conviction was the result of a trial, *all claims for post-conviction relief are waived which were or could have been:*

"(b) . . . *raised in any other proceeding* that the petitioner has taken to secure relief from his conviction or sentence, *unless the court finds good cause shown for the failure to present such claims.*" [Our emphasis.]

[2]"[T]he implied general authority of an attorney does not include any power or authority to dispose of the client's substantive rights, . . ." Gagnon Company v. Nevada Desert Inn, 289 P.2d 466, 474–475 (Cal. 1955).

[3]Counsel for respondent, in asking us to deny relief, has alleged, but not documented, that appellant is also trying to pursue the same contentions in the Federal Courts. Assuming the allegation correct, it is more appropriate for the state court, in the first instance, to consider and resolve claimed errors.

590

The district court order is vacated; and, this cause is remanded for further proceedings.