FREDERICK LAVELLE PAINE, Appellant, v.
THE STATE OF NEVADA, Respondent.

No. 21983

December 30, 1991                                823 P.2d 281

*Norman J. Reed and Nathaniel J. Reed,* Las Vegas, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Rex Bell,* District Attorney, and *James Tufteland,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Frederick Lavelle Paine ("Paine") was charged with the rob-

bery and murder of Las Vegas cab driver Kenneth Marcum ("Marcum"). On the morning of January 19, 1990, Paine and his partner, Marvin Doleman ("Doleman"), entered a cab driven by Marcum at the Hotel Continental in Las Vegas. Upon arriving at their destination, Paine shot Marcum two times in the head from point blank range. Paine and Doleman then robbed Marcum of $45.00 and a wristwatch. Paine and Doleman then returned to the Hotel Continental, where they were apprehended by Las Vegas Metropolitan Police later that day.[1] Paine ultimately pled guilty to all counts against him on August 17, 1990.[2]

Paine's penalty hearing took place over a two-day period, beginning on October 15, 1990, before a three-judge panel consisting of Judge Joseph S. Pavlikowski, Judge William P. Beko and Judge Michael R. Griffin. At the conclusion of the hearing, following a ten minute deliberation, the three-judge panel recommended that Paine be sentenced to death, finding two aggravating circumstances and one mitigating circumstance.[3] Following the penalty hearing, Paine brought a motion for an evidentiary hearing to determine whether he was prejudiced by the alleged inattentiveness of panel member Judge Beko, who had been seen closing his eyes at various times throughout the hearing. Paine's motion was denied. Paine now maintains that he was denied a fair penalty hearing. Paine claims that the alleged inattentiveness of Judge Beko and the short deliberation of the three-judge panel demonstrates that the imposed sentence of death was motivated by prejudice. Paine also contends that the three-judge panel erred in finding that the murder of Kenneth Marcum was random and without motive.

First, we hold that the three-judge panel did not err in finding that Paine acted randomly and without apparent motive pursuant to NRS 200.033(9). We have previously concluded that a killing may properly be found to be random and without apparent motive if the robbery could have been completed without killing the victim. Bennett v. State, 106 Nev. 135, 143, 787 P.2d 797, 802 (1990) (citing *Moran,* 103 Nev. 138, 143, 734 P.2d 712, 714

---

[1]Doleman was subsequently found guilty by a jury and sentenced to death, which this court recently upheld on appeal. *See* Doleman v. State, 107 Nev. 409, 812 P.2d 1287 (1991).

[2]Paine pleaded guilty to the following: attempted murder with the use of a deadly weapon of Walker; robbery with the use of a deadly weapon of Walker; first-degree murder of Marcum; and, robbery with the use of a deadly weapon of Marcum.

[3]The two aggravating circumstances were felony-murder, pursuant to NRS 200.033(4), and a random commission of a murder without apparent motive, pursuant to NRS 200.033(9). The single mitigating circumstance recognized was that Paine was nineteen years old at the time of the crime, pursuant to NRS 200.035(6).

(1987), *cert. denied,* 111 S.Ct. 307 (1990)). William Robert Walker, a Las Vegas cab driver who miraculously survived a similar attack by Paine and Doleman on the evening of January 9, 1990, testified that he was shot three times in the head without any warning before Paine and Doleman demanded any money.[4] Furthermore, Paine testified during the penalty hearing that "[t]here was no reason for me to even pull the trigger, you know, in either case." Therefore, we reject Paine's argument as to this issue and hold that there was sufficient evidence to conclude that the killing of Marcum was not necessary to complete the robbery.

The next issue, involving the alleged inattentiveness of Judge Beko, is more troublesome and complex.[5] Among Paine's witnesses was a local television news crew which videotaped the proceedings and subsequently ran a story on the allegations against Judge Beko on the evening news. The prosecution offered an affidavit in support of Judge Beko's attentiveness. Judge Pavlikowski, the presiding judge in the case who was also a member of the three-judge panel, denied Paine's motion based on his personal observations during the penalty hearing and the subsequent deliberations of the three-judge panel.[6]

The circumstances present this court with a "no-win" situation. If the case is remanded for an evidentiary hearing on this issue, the questions concerning whether Judge Beko may have slumbered on occasion cannot be completely answered because only Judge Beko knows the answer. If we dismiss Paine's allegations, then the question of Judge Beko's alleged inattentiveness will forever taint this case. In the news story which aired locally on this matter, Judge Beko called Paine's allegations "outrageous" and explained that he has cataracts, which make his eyes extra sensitive to the lighting in the courtroom.

The most difficult problem regarding Paine's allegations of

---

[4]Just as they had done in the shooting of Marcum, Paine and Doleman had Walker drive them to a pre-determined area. Upon arrival, Paine shot three bullets into Walker's head from point blank range, after which Paine and Doleman demanded money and obtained $22.00.

[5]Paine's counsel, having apparently witnessed Judge Beko's inattentiveness, made no effort to bring this issue to the attention of the district court during the hearing by way of objection or otherwise. Nevertheless, this court has held that the failure to contemporaneously object may not defeat an issue on appeal where a human life lies in the balance. Flanagan v. State, 104 Nev. 105, 108, 754 P.2d 836, 837 (1988).

[6]Judge Pavlikowski stated to Paine's defense counsel:

> [A]fter we recessed we considered the penalty. Judge Beko was very alert. He put forth certain comments on what the penalty should be and what it shouldn't be. And with that in mind I have no reason to believe that Judge Beko was sleeping whatsoever. So, therefore, your motion for evidentiary hearing is denied.

Judge Beko's inattentiveness is our concern with promoting "public confidence in the integrity and impartiality of the judiciary." Nev. Code of Judicial Conduct Canon 2A (1977). We must avoid even the appearance of prejudice in order to maintain "'the confidence of the thinking public in the administration of justice.'" In re Inquiry Concerning a Judge, 788 P.2d 716, 723 (Alaska 1990) (quoting In the Matter of Bonin, 378 N.E.2d 669, 682-683 (Mass. 1978)).

We have great difficulty concluding that Judge Beko was not attentive. At one point during the hearing, Judge Beko requested a witness to speak louder and stated: "It's very important that we hear." Judge Beko was obviously concerned about hearing all of the testimony presented before the three-judge panel and, certainly, the closing of his eyes did not necessitate the closing of his ears. Nevertheless, we doubt that an evidentiary hearing at this time would bring this issue to a satisfactory conclusion.

Therefore, we conclude that Paine's death sentence must be vacated and this case remanded for a new sentencing hearing before a panel of three new judges. In so holding, we do not impute any wrongdoing on the part of Judge Beko. Instead, we are reluctantly exercising an abundance of caution in an effort to resolve this matter equitably. The circumstances surrounding this issue are extraordinary. Consequently, our holding today will not be expanded beyond these extraordinary circumstances. Had an evidentiary hearing been held immediately after the penalty hearing, we may have arrived at a different result.

We have considered Paine's other arguments on appeal, including his claim of prejudice resulting from the ten minute deliberation of the three-judge panel, and conclude that they lack merit. Accordingly, we vacate the sentence of death imposed by the district court, and we remand this matter to the district court for a new penalty hearing by a three-judge panel.