915 P.2d 874 (1996)
112 Nev. 54
John Espiredion VALERIO, Appellant,
v.
The STATE of Nevada, Respondent.
No. 25502.
Supreme Court of Nevada.
April 30, 1996.
Mary Beth Gardner, Reno, for Appellant.
*875 Frankie Sue Del Papa, Attorney General, William P. Henry, Senior Deputy Attorney General and Rusty D. Jardine, Deputy Attorney General, Carson City, for Respondent.

OPINION
SHEARING, Justice.
In 1988, a jury convicted John Espiredion Valerio of first degree murder with the use of a deadly weapon. Valerio stabbed Karen Blackwell, a prostitute, to death, then wrapped her body in blankets and left her body in her car. Valerio was sentenced to death. This court dismissed Valerio's direct appeal and his appeal from the district court's denial of his petition for post-conviction relief after concluding that his contentions lacked merit. Valerio v. State, Docket No. 19008, 105 Nev. 1051, 810 P.2d 344 (Order Dismissing Appeal, September 6, 1989); Valerio v. State, Docket No. 21886, 108 Nev. 1254, 872 P.2d 836 (Order Dismissing Appeal, January 24, 1992).[1]
This is an appeal from the district court's dismissal of a post-conviction petition for a writ of habeas corpus. In this petition, Valerio raises 24 claims, some with numerous subparts. Before the district court, the State moved to dismiss the petition, alleging abuse of the writ. Valerio never responded to the State's motion, and the district court dismissed all of Valerio's claims pursuant to NRS 34.810. Valerio then filed in state district court a Motion for Relief from Judgment and, in the alternative, Motion to Alter or Amend Judgment. The district court did not rule on that motion. Valerio next filed the instant appeal from the district court's dismissal of his petition.
On appeal, Valerio argues that the district court erred in (1) dismissing grounds 1-18 without ascertaining whether those grounds had been raised in state or federal court; (2) interpreting the language "successive petitions" in NRS 34.810(2) to include claims raised on direct appeal and in the prior petition for post-conviction relief filed under NRS Chapter 177; (3) failing to ascertain whether each claim had been determined on the merits or whether he had litigated those claims in a prior proceeding; (4) finding that there was no "good cause" for failing to previously present claims 19-24; and (5) dismissing his petition because it alleged ineffectiveness of trial and appellate counsel on its face. Valerio also argues that the rules regarding procedural default and waiver are inconsistently applied in this state.
Subsequent to appealing from the district court's order dismissing his petition, Valerio filed with this court a motion pursuant to Nevada Supreme Court Rule 250(H) for referral to the district court. This court denied that motion. Valerio v. State, Docket No. 25502 (Order, February 23, 1995).
Valerio raised 24 grounds for relief in his petition, conceding that grounds 1-18 had previously been raised and that grounds 19-24 were new grounds. The district court dismissed all of Valerio's claims pursuant to NRS 34.810. NRS 34.810 provides, in pertinent part, as follows:
1. The court shall dismiss a petition if the court determines that:
. . . .
(b) The petitioner's conviction was the result of a trial and the grounds for the petition could have been:
(1) Presented to the trial court;
(2) Raised in a direct appeal or a prior petition for a writ of habeas corpus or post-conviction relief; or
(3) Raised in any other proceeding that the petitioner has taken to secure relief from his conviction and sentence, unless the court finds both cause for the failure to present the grounds and actual prejudice to the petitioner.
2. A second or successive petition must be dismissed if the judge or justice determines that it fails to allege new or different grounds for relief and that the prior determination was on the merits or, if new and different grounds are alleged, the judge or justice finds that the failure of the petitioner to assert those grounds in a *876 prior petition constituted an abuse of the writ.
3. Pursuant to subsections 1 and 2, the petitioner has the burden of pleading and proving specific facts that demonstrate:
(a) Good cause for the petitioner's failure to present the claim or for presenting the claim again; and
(b) Actual prejudice to the petitioner
. . . .
The district court dismissed grounds 1-18 of Valerio's petition pursuant to NRS 34.810(2) on the basis that he raised them previously and failed to explain why he was raising them again. Clearly, the district court was under the impression that those claims had been raised before and determined on the merits. However, some of the claims were only raised in the federal petition and not on direct appeal or in the first state post-conviction petition.
Valerio argues that the district court miscomprehended the true procedural posture of those grounds, believing that they were all previously presented in state court, and that, therefore, the district court erred in dismissing them. Valerio also contends that the district court erred in dismissing these claims pursuant to NRS 34.810(2) because the judge failed to consider whether there had been a determination on the merits with respect to any particular claim.
As for the grounds among claims 1-18 which have not been determined on the merits, we hold that the district court properly dismissed these grounds pursuant to NRS 34.810 since Valerio could have raised them in his first petition, and his failure to do so constituted an abuse of the writ.
We further hold that the district court did not err in dismissing those grounds among claims 1-18 which had been determined on the merits. These claims may not be raised again because this court's prior orders dismissing them constitute the law of the case. See Hall v. State, 91 Nev. 314, 315, 535 P.2d 797, 798 (1975). This court specifically considered the issues that Valerio raised in his direct appeal in the order dismissing that appeal. Valerio v. State, Docket No. 19008, 105 Nev. 1051, 810 P.2d 344 (Order Dismissing Appeal, September 6, 1989). In the order dismissing the appeal from denial of his petition for post-conviction relief, this court concluded that Valerio's claims of ineffective counsel at trial and on direct appeal were without merit. Valerio v. State, Docket No. 21886, 108 Nev. 1254, 872 P.2d 836 (Order Dismissing Appeal, January 24, 1992). Valerio failed to show cause why he was raising those claims again.
Valerio also argues that the district court improperly made findings from the face of the petition, citing Phelps v. Director, Prisons, 104 Nev. 656, 764 P.2d 1303 (1988). Phelps is distinguishable. There, the district court dismissed the petition by determining waiver from the face of the petition. Id. at 658, 764 P.2d at 1305. In the instant case, the State alleged abuse of the writ in its motion to dismiss, and Valerio had the opportunity to show "good cause" and "actual prejudice" but failed to file a response. The district court considered the State's motion and awaited Valerio's opposition to that motion. Thus, the district court did not summarily dismiss Valerio's petition on its face. See id. at 659, 764 P.2d at 1305.
Valerio also claims that the district court erred by broadly interpreting the language "second or successive petition" in NRS 34.810(2) to include both his direct appeal and prior Chapter 177 petition as prior petitions. Based upon this, Valerio argues that NRS 34.810(2) is ambiguous and his direct appeal and Chapter 177 petition should not be considered prior petitions under the statute.
Under NRS 34.810(2), the district court is obligated to dismiss a petition if it is "[a] second or successive petition" and the
judge or justice determines that it fails to allege new or different grounds for relief and that the prior determination was on the merits or, if new and different grounds are alleged, the judge or justice finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.
The district court dismissed grounds 19-24 on the basis that "failure to assert the new *877 grounds in a prior petition constituted an abuse of the writ." The court did not conclude that the direct appeal constituted a "prior petition." The court only concluded that the petition filed pursuant to NRS Chapter 177 was a "prior petition." A petition filed pursuant to NRS Chapter 177 has been considered to be a "prior petition" for purposes of NRS 34.810(2). Lozada v. State, 110 Nev. 349, 871 P.2d 944 (1994). The district court did not err in considering Valerio's Chapter 177 petition to be a "prior petition" for purposes of NRS 34.810(2).
As mentioned, Valerio failed to cite any "good cause" in his petition as to why he was raising the "old" grounds among 1-18 again (those which had been determined on the merits), or why he was raising those "new" grounds among 1-18 for the first time in state court (those which had only been raised in federal district court). Valerio did, however, cite cause as to why he was raising grounds 19-24 for the first time in the instant petition. He stated that he did not remember certain conversations between himself and his trial attorney until after his federal petition had been filed. It appears from Valerio's brief that he is only referring to claims 19-24 in this argument.
Pursuant to NRS 34.810(3), Valerio has the "burden of pleading and proving specific facts that demonstrate (a) Good cause for the petitioner's failure to present the claim or for presenting the claim again; and (b) Actual prejudice." The district court concluded that the "good cause" for grounds 19-24 was insufficient, where Valerio essentially argued that he forgot to raise these claims earlier. The district court noted that Valerio was convicted on January 22, 1988, that the instant petition was filed approximately four years and ten months following his conviction, and that Valerio's "sudden recollection of conversations with trial counsel is inadequate to meet his burden."
We conclude that the district court was correct in determining that Valerio's cause was insufficient pursuant to Phelps. In Phelps, the petitioner did not establish sufficient cause where he claimed that he did not include his claim of ineffective assistance of counsel in his first petition because "he was organically brain damaged at birth and is borderline mentally retarded." 104 Nev. at 660, 764 P.2d at 1306. Likewise, the district court here properly concluded that Valerio's claims were procedurally barred.
Nevertheless, Valerio argues that ineffectiveness of trial, appellate, and post-conviction counsel establishes both "good cause" and "actual prejudice" sufficient to overcome the procedural bar. Valerio argues that the district court erred in failing to address the merits of those claims to determine if counsel was ineffective or if "good cause" and "actual prejudice" exists.
In the proceedings below, the State did not assert procedural default on the basis of Valerio having failed to present any issues to the court at his trial, but only on the basis of his having failed to present issues on direct appeal or in prior post-conviction proceedings. Valerio claims, however, that in the context of the habeas proceedings, ineffective assistance of trial counsel remained, and remains, relevant to the determination of whether prejudice inured to Valerio as a result of appellate and/or post-conviction counsel's failure to properly raise and litigate the related claims.
As pointed out in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), a claim that counsel's assistance was so defective as to constitute ineffective assistance of counsel has two components; the defendant must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. Accord Warden v. Lyons, 100 Nev. 430, 432, 683 P.2d 504, 505 (1984), cert. denied, 471 U.S. 1004, 105 S.Ct. 1865, 85 L.Ed.2d 159 (1985).
We conclude that Valerio does not demonstrate that the performance of his trial, direct appeal and post-conviction[2] counsel was deficient or that that performance prejudiced *878 him sufficient to overcome the procedural default at issue here.
Finally, Valerio argues that this court has inconsistently applied the procedural default and waiver rules. He contends that since his petition presented errors of constitutional dimension on its face, and since this court has a "policy" of reviewing errors of constitutional dimension which appear on the face of the record irrespective of the doctrines of procedural default and waiver, the district court erred in failing to address the merits of Valerio's claims and should be reversed.
We note at the outset that reversal of the district court's order for its failure to recognize this court's "policy" of reviewing plain constitutional error is not mandated. Moreover, arguments regarding the consistent or inconsistent application of a procedural bar are aimed at the federal courts rather than this court. See Kills on Top v. State, 273 Mont. 32, 901 P.2d 1368, 1386 (1995). In any event, contrary to the assertion of the Ninth Circuit,[3] we note that this court has not inconsistently applied post-conviction procedural bars.[4]
For the foregoing reasons, we affirm the district court's order dismissing Valerio's post-conviction petition for a writ of habeas corpus.
STEFFEN, C.J., and YOUNG and ROSE, JJ., concur.
SPRINGER, Justice, dissenting:
I believe that this court has a proper and established policy of addressing facial errors of constitutional magnitude, in death cases. See, e.g., Pertgen v. State, 110 Nev. 554, 560, 875 P.2d 361, 364 (1994) ("the power of this court to address plain error or issues of constitutional dimension sua sponte is well established"); Emmons v. State, 107 Nev. 53, 60-61, 807 P.2d 718, 723 (1991) ("[b]ecause this case involves the ultimate punishment and because appellant's claims of ineffective assistance of counsel are directly related to the merits of his claims, we will consider appellant's claims on the merits in order to determine whether appellant received ineffective assistance of counsel"); Flanagan v. State, 104 Nev. 105, 108, 754 P.2d 836, 837 (1988) ("where a life is at stake, we will consider the allegations of misconduct as if there had been compliance with the contemporaneous objection rule"). I think it should follow such a policy in this case.
The court has written a nine-page opinion trying to explain why Valerio's claims are not entitled to judicial review. It would have been much wiser, in my opinion, for this court to have insisted upon a review, or even "re-review," by either the trial court or this appellate court, of all of the issues presently raised by Valerio. In this way we would have been much closer to being assured that all legal and constitutional issues relating to this case had been finally disposed of at the state level. For this reason, I dissent.
NOTES
[1] Valerio also sought habeas relief pursuant to 28 U.S.C. § 2254 in the United States District Court for the District of Nevada. His petition was dismissed without prejudice so that he could exhaust his claims in state court.
[2] Cf. McKague v. Warden, 112 Nev. ___, 912 P.2d 255 (1996) (holding generally that there is no federal or state constitutional or statutory right to counsel, or effective assistance of counsel, in a post-conviction proceeding).
[3] See McKenna v. McDaniel, 65 F.3d 1483, 1488 (9th Cir.1995) (the failure to raise constitutional claims on direct appeal in Nevada does not necessarily bar consideration of those claims on collateral review) (citing Pertgen v. State, 110 Nev. 554, 560, 875 P.2d 361, 364 (1994)).
[4] In Pertgen, 110 Nev. at 560, 875 P.2d at 364, and other cases, the proposition is clear that a petitioner must establish "good cause" and "actual prejudice" to overcome a post-conviction procedural bar. See e.g., Lozada, 110 Nev. at 354-59, 871 P.2d at 946-50; Hogan v. Warden, 109 Nev. 952, 959-60, 860 P.2d 710, 715-16 (1993).