Shearing, J.,
with whom Young, C. J., and Agosti, J., agree,
dissenting:
I would affirm the judgment of the district court denying the post-conviction petition for a writ of habeas corpus. We should not overrule extensive and well-established legal precedent. For more than a decade, this court has consistently held that jurors may find that a killing during a robbery was committed at random and without apparent motive if the robbery could have been completed without killing the victim.[1] In deciding the direct appeal of this case almost five years ago, we stated: “Evidence indicated that Leslie had received the money and could have left the store unfettered, but killed [the clerk] anyway. Therefore, we conclude that evidence supported the jury’s finding that the murder was random and without apparent motive.”[2] Nothing has changed to warrant overturning that conclusion. If the Legislature’s intent were as clear as the majority suggests, it could have amended the statute to invalidate the use of the at-random aggravator in robbery situations.
Furthermore, this issue is procedurally barred. Leslie has shown no cause for failing to raise this claim in earlier proceedings, as required by NRS 34.810. There was no ineffective assistance of counsel to provide such cause. Given the established case law to the contrary, this court cannot conclude that Leslie’s trial and appellate counsel acted deficiently when they did not challenge the aggravating circumstance. Therefore, this court should not even reach the merits of this issue.
To avoid the procedural bar, the majority expands the “fundamental miscarriage of justice” standard to instances where this court agrees with a petitioner that an aggravator should be invalidated. There is no authority for this expansion. We have recognized only two situations which meet this standard, where a petitioner makes a colorable showing that he is actually either *787 innocent or ineligible for the death penalty.[3] Even if the “random and without apparent motive” aggravator were invalid here, two valid aggravating circumstances still remain. Consequently, Leslie fails to show that he would be ineligible for death. Therefore, no fundamental miscarriage of justice exists which would permit this court to disregard procedural bars required by statute.
None of Leslie’s other claims warrants relief. I would affirm the order of the district court.

See, e.g., Calambro v. State, 114 Nev. 106, 112, 952 P.2d 946, 949-50 (1998); Leslie v. State, 114 Nev. 8, 22, 952 P.2d 966, 976 (1998); Lane v. State, 110 Nev. 1156, 1167, 881 P.2d 1358, 1366 (1994), vacated on rehearing on other grounds, 114 Nev. 299, 956 P.2d 88 (1998); Paine v. State, 110 Nev. 609, 615-16, 877 P.2d 1025, 1028-29 (1994); Paine v. State, 107 Nev. 998, 999-1000, 823 P.2d 281, 282 (1991); Bennett v. State, 106 Nev. 135, 143, 787 P.2d 797, 802 (1990).

Leslie, 114 Nev. at 22, 952 P.2d at 976.

See Pellegrini v. State, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001).