# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHN M. TOWNSEND,
Appellant,
vs.
THE STATE OF NEVADA; AND JAMES
DZURENDA, DIRECTOR OF THE
DEPARTMENT OF CORRECTIONS,
Respondents.

No. 79641

FILED

OCT 18 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order dismissing a postconviction petition for a writ of habeas corpus.[1] Seventh Judicial District Court, White Pine County; Steve L. Dobrescu, Judge.

On May 29, 1985, the district court convicted appellant, pursuant to a jury verdict, of two counts of lewdness with a child under the age of 14, and two counts of sexual assault on a child under the age of 14. The district court sentenced appellant to serve a total of life in the Nevada State Prison and a consecutive term of 10 years. This court vacated one of the sexual assault counts on appeal but affirmed the convictions on the remaining counts. *Townsend v. State*, 103 Nev. 113, 734 P.2d 705 (1987). The remittitur issued on July 6, 1987.

On June 29, 1988, appellant filed a pro se petition for postconviction relief pursuant to NRS 177.315 (repealed effective January 1, 1993). For reasons that are unclear, the district court was unaware of the pending petition until appellant sent a letter in December 1994 inquiring about the appointment of counsel. Shortly after receiving

---

[1]This appeal has been submitted for decision without oral argument. NRAP 34(f)(3).



SUPREME COURT
OF
NEVADA

(O) 1947A

21-29781

appellant's letter, a law clerk for the Seventh Judicial District Court informed appellant that he needed to request to proceed in forma pauperis and show that he is indigent in order to have postconviction counsel appointed to represent him. On March 27, 1995, the district court appointed postconviction counsel, who filed a supplemental petition on July 12, 1995. The district court denied the petition on February 27, 1996. Appellant filed a notice of appeal on January 27, 2014, which was considered timely because the district court clerk had not properly served notice of entry of the district court's order. *Townsend v. State*, Docket No. 64916 (Order Denying Motion to Dismiss, January 29, 2015). This court subsequently affirmed the district court's order denying the petition for postconviction relief. *Townsend v. State*, Docket No. 64916 (Order of Affirmance, December 18, 2015).

On October 18, 2016, appellant filed a postconviction petition for a writ of habeas corpus. The State opposed the petition. The district court dismissed the petition as procedurally barred and barred by laches. This appeal followed.

Appellant filed his petition approximately 29 years after this court issued the remittitur from his direct appeal. Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously litigated a petition for postconviction relief. *See* NRS 34.810(1)(b)(2), NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3). Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2). Based upon our review of the record on appeal, we conclude that the district court

did not err in dismissing the petition as procedurally barred and barred by laches for the reasons discussed below.

Appellant first argues that the procedural time bar set forth in NRS 34.726 does not apply because he filed his petition within one year from the resolution of his petition for postconviction relief. Appellant is mistaken. The Legislature eliminated dual postconviction remedies effective January 1, 1993. 1991 Nev. Stat., ch. 44, § 31, at 92. This court identified a narrow exemption from the effective date and concluded that a person who had filed a timely petition for postconviction relief before the effective date had until January 1, 1994, to file a successive habeas corpus petition. *Pellegrini v. State*, 117 Nev. 860, 873-75, 34 P.3d 519, 528-29 (2001). We reject appellant's argument that he had until the resolution of his postconviction relief petition to file a successive habeas corpus petition because the plain language in NRS 34.726 contains no such exception: the triggers for filing a timely habeas corpus petition are entry of a judgment of conviction or issuance of the remittitur from a direct appeal. NRS 34.726(1). Appellant filed his successive habeas corpus petition in 2016, and thus, he did not fall within the narrow exemption to NRS 34.726 recognized in *Pellegrini*. Thus, the district court did not err in applying NRS 34.726.

Next, appellant argues that he had good cause for an untimely, successive habeas corpus petition because (1) postconviction counsel did not raise a number of claims; (2) trial counsel was ineffective; (3) appellant might suffer from an autism spectrum disorder; (4) this court inconsistently applies procedural default rules; and (5) the district court delayed resolving the petition for postconviction relief. Appellant has not demonstrated that an impediment external to the defense excused the procedural defects. *See Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). Because the


(O) 1947A

appointment of postconviction counsel was not required by statute or the constitution, allegations of ineffective assistance of postconviction counsel do not provide good cause. *Brown v. McDaniel*, 130 Nev. 565, 569, 331 P.3d 867, 870 (2014). Claims of ineffective assistance of trial counsel likewise do not provide good cause as they are themselves procedurally barred. *Hathaway*, 119 Nev. at 252, 71 P.3d at 506. A possible autism spectrum disorder does not rise to the level of an impediment external to the defense, and appellant has provided no cogent argument how any such disorder impacted his ability to file a timely, successive habeas petition. *Phelps v. Director, Prisons*, 104 Nev. 656, 660, 764 P.2d 1303, 1306 (1988). The alleged inconsistent application of the procedural bars provides no relief as this court has not inconsistently applied postconviction procedural bars, the procedural bars are mandatory, and in any event, arguments to this effect are aimed at federal review and do not provide good cause. *State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 236, 112 P.3d 1070, 1077 (2005); *Valerio v. State*, 112 Nev. 383, 389-90, 915 P.2d 874, 878 (1996). Finally, regardless of any delay in processing the first postconviction petition, appellant has not otherwise explained why he could not raise his claims of ineffective assistance of trial counsel in the first petition, and this requirement has been in effect since 1985. 1985 Nev. Stat., ch. 435, § 10, at 1232. Therefore, the district court did not err in concluding that appellant did not demonstrate good cause.[2]

Finally, appellant claims the district court erred in failing to apply the three-part test for equitable laches set forth in *Hart v. State*, 116 Nev. 558, 1 P.3d 969 (2000) *overruled by Harris v. State*, 130 Nev. 435, 329

---

[2]Because appellant has not demonstrated good cause, we decline to consider whether appellant has demonstrated actual prejudice.

P.3d 619 (2014). Appellant's reliance upon *Hart* is mistaken. *Hart* involved the application of the doctrine of equitable laches to a postconviction motion to withdraw a guilty plea. 116 Nev. at 561-64, 1 P.3d at 971-72. In this case, the district court applied statutory laches pursuant to NRS 34.800. Appellant neither alleged nor demonstrated a fundamental miscarriage of justice or that the claims were not available previously by the exercise of reasonable diligence. NRS 34.800(1)(a), (b) (factors to overcome statutory laches include demonstrating due diligence and a fundamental miscarriage of justice); *Pellegrini,* 117 Nev. at 887, 34 P.3d at 537 (recognizing that a fundamental miscarriage of justices requires a petitioner to show that he is actually innocent). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, C.J.
Hardesty

_____, J.     _____, Sr.J.
Stiglich                        Gibbons

cc:     Hon. Steve L. Dobrescu, District Judge
        John M. Townsend
        Attorney General/Carson City
        White Pine County District Attorney
        White Pine County Clerk

---

[3]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.

